Argued November 14, 1929; affirmed January 21, 1930

## TITLE AND TRUST CO. *v.* SECURITY BUILDINGS CORP.

(284 Pac. 177)

For appellant there was a brief and oral argument by *Mr. W. C. Bristol.*

For respondent there was a brief over the names of *Messrs. Bronaugh & Bronaugh* and *Messrs. Teal, Winfree, McCulloch & Shuler* with an oral argument by *Mr. A. B. Winfree.*

BELT, J. This is an appeal from an order of confirmation of sale. On January 11, 1928, a decree was entered in the above entitled cause awarding plaintiff a judgment of approximately $450,000 and directing the foreclosure of a mortgage on real property to satisfy such indebtedness. The decree also directed the foreclosure of a second mortgage on the property in

favor of Robert H. Ellis. On appeal this decree was affirmed: *Title and Trust Co. v. Security Building Corp.,* (Or.) (277 P. 85).

On September 20, 1928, plaintiff, whose interests were not united with those of the second mortgagee, filed in the circuit court, pursuant to section 425, Oregon Laws, a motion for issuance of execution. Counsel for defendant filed a motion to strike the motion of plaintiff, but made no further appearance. On the same date, he obtained from this court an ex parte preliminary injunction order enjoining the sale. On September 24, 1928, the trial court allowed the motion for issuance of execution and the writ was issued by the clerk on September 26, 1928. Plaintiff appeared in this court on September 25, 1928, and obtained a modification of the preliminary injunction order to the extent that it was permitted to proceed with certain preliminary matters, such as issuance of execution and publication of notice of sale. On October 3, 1928, the injunction was dissolved. The sale was had on October 29, 1928, and the circuit court, over the objection of the defendant, confirmed it on November 20, 1928.

██ If it be true, as urged by appellant, that the trial court, in view of the temporary restraining order, erred on September 24, 1928, in directing issuance of execution, such error does not substantially affect appellant's rights, as the writ was not issued until September 26, 1928, or after modification of the restraining order. Furthermore, at the time of the sale, the injunction order was dissolved. The mere fact that an appeal was pending did not affect the right of plaintiff to have execution issue as there was no undertaking to stay such writ. 10 R. C. L. 1233.

█ We see no merit in the contention that the sale is invalid because the real property was sold en masse

to satisfy the amount due on two separate mortgages covering the same property, where the mortgagees were not united in interest. The method of sale followed is in keeping with the usual practice. It in no way interferes with or prejudices appellant's right of redemption: *Bruckman v. Healy,* 126 Or. 120 (268 P. 1001), has no application. In that case there was a first mortgage lien upon an undivided two-thirds interest and a first mortgage lien upon an undivided five-eighteenths interest in the same land. Separate sales were ordered by the court on appeal to enable the mortgagor properly to exercise his right of redemption as contemplated by the statute. In the instant case we are dealing with mortgages different in priority of liens.

■ Appellant asserts it was error to confirm a sale advertised as for "cash in hand" when no cash was in fact paid. It was not necessary for the judgment creditor to pay cash when the amount of the bid was credited on execution: *Patterson v. Portland Smelting Works,* 35 Or. 96 (56 P. 407). This contention is also answered in 10 R. C. L. 1314, wherein it is said:

"But the judgment creditor may waive the payment of the bid and receipt for the purchase money without the payment in cash. And the useless ceremony of handing money to the sheriff and then receiving it back from him, where the judgment creditor purchases, is not necessary."

■ Finally it is urged that the sale did not conform to the decree in that there was sold en masse accrued "rents, issues and profits," or personal property, together with real property. It was said in *Roseburg Nat. Bank v. Camp,* 89 Or. 67 (173 P. 313):

"The Code does not contemplate a sale of realty and personalty en masse but it is plain from every

provision of the Code that the personalty must be segregated and sold separately from the realty."

Counsel disagree as to whether in fact the rents, issues and profits were included in the sale. There is much inconsistency in their briefs relative to this matter. An examination of the sheriff's return and the order of confirmation of sale indicates that they were, but, as a matter of fact, there were no "rents, issues or profits" to sell. See case this day decided wherein the Security Buildings corporation was plaintiff and the Title and Trust company defendant. The rentals were to be paid by appellant's lessee, the Security Storage & Transfer company, to the plaintiff as trustee, under and by virtue of a lease. At the time of the sale, the Security Storage & Transfer company had been adjudged bankrupt and for some time prior thereto had not been able to pay rental. The trustee in bankruptcy took possession of the property. Taxes in the amount of $28,533.47 were unpaid and there was no money on hand with which to pay the taxes or rentals, If a resale were ordered there would indeed be no personal property to sell. It is also noted that the bid of the judgment creditor was approximately $13,000 less than the judgment awarded, so, even if it be conceded that there was technical error in including "rents, issues and profits" in the sale, it did not affect appellant's right of redemption.

We see no error in the record which would warrant a resale. The order of confirmation is affirmed.

AFFIRMED.

COSHOW, C. J., and BEAN and HAMILTON, JJ., concur.