Argued March 3, reversed and remanded June 26, 1975

DENSEM, *Respondent, v.* EDMUNDS, *Appellant.*

537 P2d 77

*James W. Kasameyer,* Portland, argued the cause for appellant. With him on the brief were Allen T. Murphy, Jr., and Richardson & Murphy, Portland.

*Colin Lamb,* Portland, argued the cause for respondent. With him on the brief were Lawrence W. Erwin, Warde H. Erwin, and Erwin, Lamb & Erwin, Portland.

Before McAllister, Presiding Justice, and Holman, Tongue, Howell, and Bryson, Justices.

BRYSON, J.

Plaintiff seeks an accounting of alleged partnership profits arising out of the operation of Poncho's Restaurant in Hillsdale, Oregon. The trial court found that no partnership relationship existed between plaintiff and defendant but that plaintiff, as an employee of defendant, was entitled to 50 percent of the profits in accordance with their agreement.

The court entered a decree awarding plaintiff a net judgment of $16,303.70. Defendant appeals only from that portion of the decree which awarded plaintiff "$6,412.50 which was accrued on defendant's books and records."

The only record before us on appeal is the trial court file. Therefore, the question before us is whether or not the decree appealed from is supported by the pleadings. *In re Clark,* 214 Or 24, 26, 323 P2d 334

(1958); *Dent v. Pollard,* 227 Or 399, 400, 362 P2d 324 (1961).

Plaintiff's complaint alleges:

"I

"On or about July 1 , 1970, plaintiff and defendant entered into an agreement for the construction and operation of a restaurant, and that plaintiff and defendant would share the profit equally.

"II

"Plaintiff did construct and has operated the restaurant known as Poncho's in Hillsdale. Since that time * * * plaintiff has not been permitted to review all the books, records, vouchers, and statements of said operation or operations although repeated demands have been made.

"* * * * *.

"IV

"Plaintiff further alleges that defendant owns a second Poncho's restaurant on Sandy Boulevard in Multnomah County which is not part of the partnership, but which is a supplier of items of food and beverages to Poncho's in Hillsdale * * * and it is therefore, necessary to review the books, records, vouchers, and statements of Poncho's on Sandy Boulevard to determine whether plaintiff is deprived of profits of the partnership of Poncho's in Hillsdale. * * *

"V

"Plaintiff has no adequate remedy at law.

"WHEREFORE, plaintiff prays for an accounting between plaintiff and defendant * * * and for such other and further relief as the court may deem just and proper."

In her answer, defendant admits that the parties entered into an agreement for the operation of the Hillsdale Poncho's restaurant, that the parties were to share the net profits of the Hillsdale Poncho's res-

taurant on a 50-50 basis, and that plaintiff is entitled to an accounting from July 1, 1970, to October 10, 1973, but denies the existence of a partnership relationship between the parties.

At a preliminary hearing on December 13, 1973, the trial court entered the following findings of fact:

"* * * The sole question before this Court at this time was whether Plaintiff was a partner of Defendant in the operation of the Poncho's Restaurant in Hillsdale, Oregon * * *. Both parties, having offered evidence and rested, this Court now makes the following:

## "FINDINGS OF FACT

"1. In July of 1970, Plaintiff and Defendant orally agreed that Plaintiff was to manage a soon-to-be constructed Poncho's Restaurant in Hillsdale, Oregon, and was to receive in return 50% of the net profits from its operation. The foregoing was the sole and entire agreement between the parties.

"* * * * *.

"* * * [T]he relationship between the Plaintiff and the Defendant was that of master and servant and that the Plaintiff, therefore, was an employee of the Defendant at Poncho's, Hillsdale, Restaurant."

On the same day the trial court also entered a preliminary order:

"The Court hereby orders that the *salary* of Ron Densem continues until December 31, 1973, at which time his employment will be terminated." (Emphasis supplied.)

Thereafter, on May 20, 1974, the trial court, sitting in equity to resolve the remaining matters, made the following additional findings of fact:

"1. This Court has previously found that an owner-employee relationship existed between the

parties rather than a partnership. In light of this, plaintiff's *share of the profit* shall continue for a reasonable time from October 11, 1973, when plaintiff's employment was terminated by the defendant, and that this shall be *in the nature of a severance pay.* A reasonable time, under the circumstances of this case, would be from October 11, 1973, to December 31, 1973." (Emphasis supplied.)

■ There is nothing conclusive in the record before us to indicate the relationship, if any, between plaintiff's "salary" which was continued until December 31, 1973, and plaintiff's "share of the profit * * * in the nature of a severance pay." In the absence of any finding that the defendant agreed to employ plaintiff for a specific time or that there was an agreement for severance pay or a period of notice before discharge, the trial court was without authority to continue plaintiff's employment past the date it was terminated by defendant, October 11, and to award plaintiff one-half of the profits for any period after that date.

On June 11, 1974, the trial court entered its final decree that:

"Plaintiff have judgment against the defendant in the sum of $11,790. based upon the accounting, plus the sum of $6,412.50 which was accrued on defendant's books and records pursuant to a preliminary order, being a total of $18,202.50, less amounts contributed by defendant to plaintiff's retirement plan in the sum of $1,898.80, for a net total judgment of $16,303.70."

Defendant assigns as error that portion of the decree that awarded plaintiff $6,412.50. The defendant contends that the court's decree "was inconsistent with the agreement reached by the parties and was outside the scope of the pleadings."

Plaintiff's position is that the trial court's decree refers to the preliminary order of December 13, 1973, which continued plaintiff's "salary" to December 31, 1973. The defendant admitted that plaintiff was to receive 50 percent of the net profits. The trial court file and the supplemental orders show an accounting was agreed to and furnished, but the accounting is not part of the record before us.

■ Both parties agree that this is a suit in equity. Since we do not have a transcript of the evidence received at trial or the accounting exhibits, we are unable to determine the relationship, if any, between plaintiff's right to "salary" or "severance pay" and plaintiff's right to "profits * * * which was accrued on defendant's books and records" and cannot determine the matter de novo on this appeal.

For these reasons, the case must be reversed and remanded to the trial court to determine the sum due plaintiff pursuant to this opinion, the accounting records and the agreement between the parties.

Reversed and remanded.