Argued and submitted September 24, 1979,
affirmed as modified January 28, 1980

## TROUTMAN,
*Respondent,*
### v.
## ERLANDSON, et ux,
*Appellants.*

### (No. 77-8-122, CA 12581)

605 P2d 1200

[redacted]

[240]

Ralf H. Erlandson, Milwaukie, argued the cause and submitted the briefs for appellants.

Phillip R. Muir, Portland, argued the cause and submitted the brief for respondent.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Defendants appeal from the judgment of the trial court in favor of plaintiff on his creditor's bill and on defendants' counterclaims. We affirm with some modification.

The facts are complicated and stem from the course of litigation in which these parties have been involved for over four years. We will try to state them as simply as possible. Plaintiff and Ralf Erlandson were partners in certain business ventures from 1971 to 1974. A partnership dissolution suit, based on a dissolution agreement, resulted in a 1975 decree which declared the rights and obligations of the parties as of September 19, 1975, and divided the assets and liabilities of the partnership. This division required fairly complex arrangements and has been followed by numerous other suits stemming directly or indirectly from the parties' relationship as partners. Two of those suits resulted in judgments in favor of plaintiff against Ralf Erlandson. Plaintiff brought this creditor's bill after finding that those judgments could not be satisfied.

The creditor's bill alleged, and the trial court found, that Ralf Erlandson had transferred all of his interest in certain property to his wife, Patricia Erlandson, without consideration and in an attempt to hinder, delay or defraud his creditors. The properties involved were properties which were included in the partnership dissolution decree. Ralf Erlandson was informed on or about October 2, 1975, that plaintiff intended to file one or more suits against him. He transferred the properties, which made up most, if not all, of his assets, to his wife by mid-October.

The properties transferred by defendant Ralf Erlandson included his interest in Mira Monte farms and properties known as Carlton, Sandelie Golf Course and Ankeny Hills, all of which had been awarded to him by the 1975 decree. Plaintiff received in the earlier decree all of the partners' (including defendant's)

interest in Mira Monte farms subject to an interest granted to defendant Ralf Erlandson in royalties from the removal of sand, peat, top-soil and gravel, a security interest to secure those royalties and an option to purchase one acre of Mira Monte farms upon which defendants' mobile home sat. Defendants have received no royalties from Mira Monte farms and, in fact, very little sand or other material has been sold and there appear to be no immediate prospects for such sales. However, defendants stated in their answer and first counterclaim that they were electing to apply the first $10,000 of net royalties payable to them for the purchase of the one acre under the option.

It is defendants' position that the transfers in question were made to qualify Patricia Erlandson as surety in an unrelated case and that she later was required to pay $34,000 toward the judgment in that other suit. In addition, she was later made surety in one of the cases upon which this creditor's bill was based.

Defendants assign as error the trial court's finding that plaintiff was unable to collect the judgments from Ralf Erlandson because of the transfers to Patricia Erlandson. They contend that plaintiff was not hindered since Patricia Erlandson was surety in one of the two cases in question. This argument fails for two reasons. First, Patricia Erlandson was surety in only one of the two cases in which plaintiff sought to collect judgments against Ralf Erlandson, not both. In addition, it is uncontroverted that plaintiff had judgment against Ralf Erlandson, attempted to execute on that judgment and the execution was returned unsatisfied. Ralf Erlandson testified that he had no assets upon which plaintiff could execute. Whether or not plaintiff could proceed against Patricia Erlandson in her capacity as surety in one case, plaintiff was hindered and was unable to collect his judgments from Ralf Erlandson because of the transfers.

Defendants next contend that the court erred in finding the conveyances were made "without consideration and as an attempt to hinder, delay or de-

[242]

fraud the creditors of Ralf Erlandson * * * ." Ralf Erlandson admitted, however, that the property interests transferred had values far in excess of even the claimed consideration, i.e., Patricia Erlandson's acting as surety. He testified that he believed that his interest in the Mira Monte farms alone was worth nearly $500,000.

The burden of proof in establishing fraud is on the party alleging it. However, where numerous badges or indicia of fraud are shown to exist, the burden of explaining the transaction shifts. *Evans v. Trude,* 193 Or 648, 655, 240 P2d 940 (1952). Many of the indicia of fraud identified in *Evans v. Trude, supra,* are present in this case: inadequate consideration; transfer made in anticipation of an impending suit; transfer which included all, or substantially all, of the transferor's assets; creditor hindered or delayed by the transfer; and a close family relationship between the transferor and the transferee. *See also Smith v. Popham,* 266 Or 625, 513 P2d 1172 (1973). Defendants, then, had the burden of showing that the transfers were for adequate consideration and made with *bona fide* intent. They did not do so. The trial court's finding was proper.

We turn now to defendants' counterclaims. As their first counterclaim and defense, defendants claimed a homestead exemption for their mobile home and the land upon which it sits, based on ORS 23.164.[1] The court below granted the exemption as to the home, but found that it did not apply to the land. This land is the

---

[1] ORS 23.164 provides, in pertinent part:

"(1) A mobile home, and the property upon which the mobile home is situated, that is the actual abode of and occupied by the owner, his spouse, parent or child, when such mobile home is occupied as their sole residence and other homestead exception is claimed, shall be exempt from execution and from liability in any form for the debts of the owner to the value of $12,000, except as otherwise provided by law.

" * * * * *

"(6) If a debtor owns a mobile home but not the property upon which the mobile home is situated, subsections (1), (2), (3), (4) and (5) of this section shall apply, but the value of the debtor's interest exempt from execution and liability shall not exceed $10,000."

same one acre on which Ralf Erlandson was awarded an option to purchase in the 1975 decree.

Although they had not exercised their option previously, defendants contend that their election, made in their answer and first counterclaim, to apply the first $10,000 of net royalties to the purchase under the option gave them an interest in the property to which the homestead exemption should apply.

The question becomes whether the option has been effectively exercised. The manner in which an option may be exercised depends on the terms of the option. Where the option, by its terms, requires payment or tender of the purchase price, then notice of an intention to exercise the option is not sufficient to create a contract. *See Leadbetter v. Price,* 103 Or 222, 202 P 104 (1921). More recent cases have held, however, that

> "Where there is nothing in the option limiting the way in which notice of its exercise is to be conveyed, anything that amounts to a manifestation of the optionee's determination to accept is sufficient." *Killam v. Tenney,* 229 Or 134, 150, 366 P2d 739 (1961); and *see Larson v. Trachsel,* 282 Or 247, 251, 577 P2d 928 (1978).

The notice, however, must contain an "unconditional 'manifestation of the optionee's determination to accept.'" *Larson v. Trachsel, supra,* at 251. Little, if any, sand or other material had been sold from Mira Monte farms as of the time of trial. Defendants will receive no royalties whatsoever until nearly $500,000 in debts have been paid from the operation of the farm. There is no indication when, if ever, defendants will receive the first $10,000 in royalties from Mira Monte. Under these circumstances, defendants' statement that they intend to apply the first $10,000 in royalties to the purchase of the one acre was not an unconditional manifestation of a determination to accept such as would form a valid, enforceable contract of sale. The option has not been effectively exercised.

[244]

We note, however, that the 1975 decree gives Ralf Erlandson the right to possess the one acre until the option is exercised or lapses. This possessory right is an interest in the property to which the homestead exemption as contained in ORS 23.164 would attach. *See Anno,* 74 ALR2d 1355; *cf. Banfield v. Schulderman,* 137 Or 167, 296 P 1066 (1931); *Marvin & Co. v. Piazza,* 129 Or 128, 276 P 680 (1929). The judgment of the trial court is modified to so hold.

Defendants additionally contend that Patricia Erlandson had a prior interest in the acre which she received in a deed to her and her husband from plaintiff and his wife in 1973. They contend that this interest survived the 1975 decree because Patricia Erlandson was not a party to that suit and that the homestead exemption should apply to her interest. We find, however, that as a result of the partnership dissolution agreement the Erlandsons had only the option on one acre and neither of them had a property interest in that land aside from the right to possess it until the exercise of their option.

Defendants further assign as error the decision of the trial court that all of their counterclaims, except for their claim of the homestead exemption, are barred by *res judicata.* [2] Certain exhibits, including the files of the previous cases which were the basis for the trial court's ruling on the issue of *res judicata,* were introduced at trial. However, defendants, as appellants, did not designate the exhibits introduced at trial as part of the record on appeal. It was their duty to do so. ORS 19.029(1)(d). Without those exhibits we cannot review the trial court's decision except to determine if the pleadings are sufficient to support the holding. *See Rose v. Rose,* 279 Or 27, 566 P2d 180 (1977); *Densem v. Edmunds,* 272 Or 345, 537 P2d 77 (1975); *see also Pedah Co. v. Hunt,* 265 Or 433, 509 P2d 1197 (1973);

---

[2] As to the defendants' sixth counterclaim, the trial court also held that it was without authority to grant the injunctive relief sought. Defendants have not challenged that decision on appeal.

[245]

*Moore v. Brown,* 19 Or App 199, 527 P2d 132 (1974). They are.

Finally,[3] defendants contend that Patricia Erlandson had an interest in Mira Monte farms which was separate and distinct from those interests transferred to her by her husband. They presented some evidence to that effect. However, we need not decide if those interests still exist because plaintiff, by his Bill, sought only the return of the interests transferred by Ralf Erlandson to his wife. The decree is further modified to require that Patricia Erlandson transfer by deed to Ralf Erlandson the interests in Mira Monte farms, the Carlton property, Sandelie Golf Course and Ankeny Hills property which were transferred to her by her husband.

Affirmed as modified.

[3] Defendants' further assignment of error, concerning the overruling of their demurrer to plaintiffs' amended complaint, does not merit discussion.