Argued and submitted November 7,
reversed and remanded December 8, 1980

TROUTMAN,
*Respondent,*

*v.*

ERLANDSON, et al,
*Appellants.*

(No. 77-8-122, CA 17754)

619 P2d 1366

Ralf H. Erlandson, Canby, argued the cause and filed the brief for appellants pro se.

Phillip R. Muir, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

GILLETTE, P. J.

### GILLETTE, P. J.

This appeal is another in the continuing sagas of two partners who fell out. In one of its prior chapters, *Troutman v. Erlandson,* 44 Or App 239, 605 P2d 1200 (1980), we ordered certain modifications to a decree on plaintiff's creditor's bill. Defendants now claim that the trial court did not fully comply with our prior opinion when it entered the revised decree. We agree, and reverse.

The facts surrounding the creditor's bill proceeding are detailed in our former opinion and will not be repeated here. It is sufficient to say that the plaintiff sought to defeat a transfer of property interests by defendant Erlandson and his wife. The trial court held that the transfer had been made to avoid paying two judgments to plaintiff. We upheld that ruling but noted, with respect to one of the pieces of property involved in the transfer,

"* * *[D]efendants contend that Patricia Erlandson had an interest in Mira Monte farms which was separate and distinct from those interests transferred to her by her husband. They presented some evidence to that effect. However, we need not decide if those interests still exist because plaintiff, by his Bill, sought only the return of the interests transferred by Ralf Erlandson to his wife. The decree is further modified to require that Patricia Erlandson transfer by deed to Ralf Erlandson the interests in Mira Monte farms, the Carlton property, Sandelie Golf Course and Ankeny Hills property *which were transferred to her by her husband."* Id., at 246. (Emphasis supplied).

The modified decree which was thereafter entered by the trial judge did not limit Patricia Erlandson's obligation to recovery in accordance with our opinion. Instead, it directed that she "* * * transfer by deed to defendant, Ralf Erlandson, *all her interest* in Mira Monte Farms * * *." This was error, for the reasons set out in our original opinion.[1]

Reversed and remanded.[2]

---

[1] A second claim by defendants is moot.

[2] The record in this case shows that defendants' undertaking on appeal did not include the tendering of a deed from Patricia Erlandson. Accordingly, the decree was not stayed. ORS 19.040(2). The property in question has been sold at a sheriff's sale. We express no opinion as to the specific effect of this decree on the validity of that sale.