# BANK OF MYRTLE POINT,
*Appellant,*

*v.*

# SECURITY BANK OF COOS COUNTY et al,
*Respondents.*

(83-26; CA A27960)

678 P2d 772

Maurice V. Engelgau, Coquille, argued the cause for appellant. With him on the briefs were Bruce E. Wiegman, and Engelgau & Woods, Coquille.

Martin E. Stone, Coquille, argued the cause for respondents. With him on the brief was Slack, Stone and Gillespie, Coquille.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

This action is for the recovery of money resulting from the foreclosure of a trust deed by "advertisement and sale." ORS 86.735. Plaintiff holds two mortgages which are subordinate to a trust deed in which defendant Security Bank of Coos County is beneficiary and defendant Stone is the trustee. The central issue is whether defendants are liable to plaintiff for that portion of Security Bank's bid at the trustee sale which is in excess of the sum secured by the trust deed. On cross-motions for summary judgment, defendants' motion was granted. Plaintiff appeals. We reverse.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. ORCP 47C. We review the complaint (no answer was filed) and the affidavits and documents in support of the motion.

In 1977, Mr. & Mrs. McCollom (grantors) executed a trust deed with Security Bank as beneficiary to secure a promissory note in the sum of $12,000. Thereafter, the grantors executed and delivered to plaintiff two mortgages on the same land described in the trust deed. The mortgages are subordinate only to the trust deed. Security Bank had other outstanding loans to the grantors.

In 1980, Security Bank consolidated the original loan of $12,000 with the other loans into one promissory note. The grantors defaulted on the consolidated loan, and Security Bank elected to foreclose the trust deed, asserting that the trust deed secured the consolidated loan. The trustee's notice of default and election to sell and the published notice of sale recite that the trust deed secures a debt of $39,279. Plaintiff advised Stone that the trust deed gave Security Bank only priority to the extent of the principal sum of $12,000, plus interest and foreclosure expenses. Stone proceeded with the foreclosure, which culminated in a trustee's sale of the property to Security Bank on September 29, 1982. Plaintiff's attorney attended the sale but did not bid. No bids being made, Stone stated that he was authorized by Security Bank to bid $51,783, and he accepted that bid.[1] On October 14, 1982,

---

[1] The trustee's deed recites that the bid was the total amount of the debt owed by the grantors to Security Bank, plus reasonable attorney fees and other foreclosure costs.

Stone delivered his trust deed to Security Bank, and it was recorded.

Plaintiff then made written demand on defendants for the amount by which the bid exceeded the sum secured by the trust deed. After that demand, defendants elected to readvertise and resell the land. In order to accomplish that, Security Bank conveyed the land back to Stone by its "deed of reconveyance," and Stone again initiated foreclosure proceedings. This time, the notice of default and election to sell recited that the debt secured is $12,000 plus interest and expenses. This action followed.

Plaintiff contends that defendants knew before and after the trustee's sale that the trust deed did not secure all of the debt claimed; that the sale followed by delivery of the trustee's deed extinguished plaintiff's mortgage liens under ORS 86.770(1); that Security Bank has failed to pay the amount of its bid, minus the secured amount; and that the trustee failed to apply the proceeds as required by ORS 86.765(3).

Non-judicial foreclosure of trust deeds by advertisement and sale is statutory. ORS 86.725 to 86.795. ORS 86.755(1) provides that the trustee "may sell the property * * * at auction * * * to the highest bidder for cash" and that the beneficiary may bid. "The purchaser shall pay at the time of sale the price bid, and, * * * the trustee shall execute and deliver the trustee's deed to the purchaser." ORS 86.755(3). The effect of the sale is to "foreclose and terminate all interest in the property covered by the trust deed of all persons to whom notice is given * * *." ORS 86.770(1). Distribution of the sale proceeds is governed by ORS 86.765:

> "The trustee shall apply the proceeds of the trustee's sale as follows:
>
> "(1)   To the expenses of the sale, including the compensation of the trustee, and a reasonable charge by the attorney.
>
> "(2)   To the obligation secured by the trust deed.
>
> "(3)   To all persons having recorded liens subsequent to the interest of the trustee in the trust deed as their interest may appear in the order of their priority * * *."

Plaintiff claims entitlement to payment under ORS 86.765(3). Defendants argues that the statute does not apply, because the

sale was not "for cash." Security Bank contends that its bid was intended to offset the entire amount of the grantors' debt. Although a beneficiary may not be required to tender cash when the bid is intended to offset the debt secured, *Title Co. v. Security Bldg. Corp.,* 131 Or 648, 651, 284 P 177 (1930), Security Bank's bid is greater than the amount secured by the trust deed.

■ If Security Bank intended to bid more than the amount of the secured debt, it must account for the excess, and under ORS 86.765(3) plaintiff would be entitled to claim that excess. The question is whether defendants can unilaterally declare the trustee sale void and commence the foreclosure process again without incurring liability to plaintiff.

■ Stone's affidavit and the affidavit of the manager of Security Bank state that, "without conceding the propriety [sic] of the [September 29, 1982] foreclosure sale," they mutually agreed to readvertise and resell out of a desire to be fair to all parties. Neither affidavit states that defendants mistakenly believed that the trust deed secured the consolidated debt or that the bid by Security Bank and acceptance of the bid by Stone was the result of a mistake of fact or law.

Defendants contend that a trustee has the authority to readvertise and resell the property to correct a mistake of fact concerning the amount of the debt secured and cites cases from other jurisdictions for that proposition. *See, e.g., Olmsted v. Melville,* 93 Colo 567, 27 P2d 589 (1933), where the court dismissed the junior lienholder's action for the excess because of a "mutual clerical mistake." *See also Annot.,* 42 ALR 1192 (1926), 91 ALR 731 (1934). However valid that legal proposition may be, there is nothing in defendants' affidavits to enable us to conclude that a mistake was made. Defendants insist that the trustee's sale was proper and that the initiation of foreclosure proceedings a second time was out of a desire to be fair to all concerned. That does not entitle defendants to judgment as a matter of law. It was error to grant the motion for summary judgment.

Reversed and remanded for further proceedings not inconsistent with this opinion.[2]

---

[2] On remand, if plaintiff renews its motion for summary judgment, it should be granted.