Submitted on record and briefs January 31, affirmed July 25, reconsideration denied August 31, petition for review denied October 9, 1984 (298 Or 68)

# TROUTMAN,
*Respondent,*

*v.*

# ERLANDSON et al,
*Appellants.*

## (77-8-122; CA A29253)

685 P2d 473

Ralf Erlandson and Patricia Erlandson, Aurora, filed the briefs pro se for appellants.

Phillip R. Muir, Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendants appeal from an order confirming a sheriff's sale of real property. ORS 23.490. We affirm. In 1978, plaintiff obtained a decree against defendants on a creditor's bill. Defendant Ralf Erlandson had made transfers to his wife, defendant Patricia Erlandson, to avoid paying two judgments of plaintiff's. In January, 1980, we affirmed the decree but required that it be modified:

> "[D]efendants contend that Patricia Erlandson had an interest in Mira Monte farms which was separate and distinct from those interests transferred to her by her husband. They presented some evidence to that effect. However, we need not decide if those interests still exist because plaintiff, by his bill, sought only the return of the interests transferred by Ralf Erlandson to his wife. The decree is further modified to require that Patricia Erlandson transfer by deed to Ralf Erlandson the interests in Mira Monte farms, the Carlton property, Sandelie Golf Course and Ankeny Hills property which were transferred to her by her husband." *Troutman v. Erlandson,* 44 Or App 239, 246, 605 P2d 1200 (1980).

In April, 1980, the trial court, on plaintiff's motion, entered a modified decree. The court, however, did *not* modify the decree to require that Patricia only convey to Ralf the interests in the described properties that she had acquired from him. The decree continued to require in paragraph 1, as did the 1978 decree, that she transfer to him "all her interest in those properties." In paragraph 4, the 1980 decree also provided:

> "4. The Sheriff of Clackamas County is ordered to sell the interests of the defendants in the [Mira Monte farms] property * * * forthwith as provided by law, upon execution and the proceeds shall be used to satisfy the judgments in Multnomah County Circuit Court case No. 423-400L entitled 'Albert Troutman v. Ralf Erlandson' in the amount of $40,000; and Clackamas County Circuit Court Case No. 93993 entitled 'Albert Troutman v. Ralf Erlandson' in the amount of $20,085.68, including interest to October 20, 1977."

Although this paragraph was not in the 1978 decree, that decree contained provisions that in substance had the same meaning and effect.

Defendants appealed from the 1980 decree. They assigned as error that "the court erred in granting plaintiff's

motion for clarification and modification of decree. The modified decree is inconsistent with modifications ordered by the Court of Appeals." Defendants, however, did not seek to stay the proceedings under the decree. ORS 19.040. Pursuant to the 1980 decree, the trial court clerk issued a writ of execution that directed that "defendants' interest in [the Mira Monte farms property] be sold to satisfy the Multnomah and Clackamas county judgments." The sheriff's sale was scheduled for June 20, 1980.

An interested third party requested that the Mira Monte farms property be sold in parcels. ORS 23.460. The trial court ordered:

"[T]he Sheriff shall offer for sale those individual portions of the above described real property in the manner and style as set forth below:

"1. The southwesterly 150 acres or a security interest therein.

"2. Vendee's interest of Patricia Erlandson as set forth in Deed recorded October 15, 1973, file no. 73-32547, Deed Records Clackamas County.

"3. Mineral rights in the sand, peat, top soil and gravel as set forth in paragraph D, line 14, page 3, Decree entered in the Circuit Court of the State of Oregon for the County of Clackamas, Case entitled: Albert H. Troutman and Mary Ann Troutman, Husband and Wife, Plaintiffs: vs. Ralf H. Erlandson, Defendant, Case #90753.

"4. Option right to acquire interest in real property as set forth in paragraph H beginning line 8, page 5 of said Decree mentioned in paragraph 3 above.

"After these portions of the real property are sold individually as set forth above, the Sheriff shall offer for sale the property as described in Exhibit A as a whole, less that portion claimed by Patricia Erlandson as exempt based upon Homestead. In the event that an offer for the property as a whole is greater than the sum of the offers on the portions previously offered individually for sale, the Sheriff shall sell the property as a whole.

"In the event that the sum of the offers for sale on the individual portions is greater than the offer for sale on the whole property, the individual portions shall be sold."

The sheriff held the sale on July 31, 1980. His return of sale, recited:

"For four weeks successively, I attended at the time and place fixed for sale, and postponed the said sale week by week until the 31st day of July, 1980. On the 31st day of July, 1980 at 10:00 o'clock AM standard time * * *.

"* * * * *

"I offered the interest of the defendants in the real property for sale in the manner directed by order of the Court dated the 27th day of July, 1980 * * *.

"* * * * *

"After offering the interest of the defendants in the real property as directed by the Court Order I offered the interest of the within defendants in the whole setting off the homestead exemption as described above at public auction, according to law. Albert Troutman being the highest and best bidder therefor, I did sell the interest of the defendants in the real property to the said Albert Troutman for the sum of $20,000.00 dollars, said above named sum being the highest and best sum bid therefor * * *."

Only defendants filed objections to the sale, ORS 23.490, asserting in September, 1980:

"(1) The sale was adjourned beyond the time period authorized by ORS 23.470;

"(2) Portions of the real property were not sold separately after claim of Third Person filed as required by ORS 23.460.

"(3) The sale was not made for cash as advertised in public notice of sale; instead, upon purported credit upon judgment that is void as against defendant Patricia Erlandson and, in any case, in excess of any purported judgment against said Patricia Erlandson."

In December, 1980, we "reversed and remanded" the 1980 modified decree. *Troutman v. Erlandson,* 49 Or App 675, 619 P2d 1366 (1980). Our opinion stated:

"In * * * *Troutman v. Erlandson,* 44 Or App 239, 605 P2d 1200 (1980), we ordered certain modifications to a decree [of January 13, 1978] on plaintiff's creditor's bill. Defendants now claim that the trial court did not fully comply with our prior opinion when it entered the revised decree. We agree, and reverse." 49 Or App at 677.

The opinion then stated that "we upheld" the 1978 decree, quoted the portion of the 1980 opinion quoted in the first paragraph of this opinion and added:

"The modified decree [of 1980] which was thereafter entered by the trial judge did not limit Patricia Erlandson's obligation to [reconvey] in accordance with our opinion. Instead, it directed that she '* * * transfer by deed to defendant, Ralf Erlandson, *all her interest* in Mira Monte Farms * * *.' This was error, for the reasons set out in our original opinion.

"Reversed and remanded." 49 Or App at 677. (Footnotes omitted; emphasis in original.)

Our opinion also observed in a footnote that the 1980 decree was not stayed, that the property was sold at sheriff's sale and that "[w]e express no opinion as to the specific effect of this decree on the validity of that sale." 49 Or App at 677 n 2.

■       Plaintiff moved for an order confirming the sheriff's sale in July, 1983. Subsequently defendants filed supplemental objections, asserting that the execution, and all further proceedings, were based on the modified decree of 1980 that we had subsequently "reversed." The court ordered the sale confirmed.

ORS 23.490 provides in part:

"(1)   The plaintiff in the writ of execution is entitled, on motion therefor, to have an order confirming the sale at any time after the expiration of 10 days from the date of filing the return of sale, unless the judgment debtor, or in case of his death, his representative, files with the clerk within 10 days after the return of the execution, his objections thereto.

"(2)   If such objections are filed, the court or judge thereof shall, notwithstanding, allow the order confirming the sale, unless on the hearing of the motion it satisfactorily appears that there were substantial irregularities in the proceedings concerning the sale, to the probable loss or injury of the party objecting. In the latter case, the court or judge shall disallow the motion, and direct that the property be resold, in whole or in part, as the case may be, as upon an execution received of that date. * * *"

Defendants have the burden to show that there were "substantial irregularities in the proceedings concerning the sale,

to the probable loss or injury of the party objecting." Defendants' principal contention, based on their supplemental objections, is that the trial court erred in confirming the sale, because the 1980 modified decree "upon reversal became a nullity" and the writ of execution "made upon a nullity became invalid." Defendants' argument is without merit.

Although our 1980 decision "reversed and remanded" the 1980 decree, that decision did not "nullify" that decree. Defendants had appealed from the decree, but they challenged only the part that was "inconsistent with modifications ordered by the Court of Appeals." As did the 1978 decree, the 1980 decree covered other matters in addition to the transfer by Patricia to Ralf of interests in Mira Monte farms, the Carlton properties, Sandelie Golf Course and the Ankeny Hills property. Among the other matters was the sale pursuant to paragraph 4 of the interest of *both* defendants in Mira Monte farms to satisfy the Clackamas and Multnomah county judgments. Defendants argued on their appeal from the 1980 decree that paragraph 4 was inconsistent with the 1978 decree. It was not, and our decision did not hold that it was.

■   The *effect* of the December, 1980, decision, therefore, was to *affirm* the 1980 modified decree except as to paragraph 1.[1] *See Bush v. Mitchell,* 28 Or 92, 96, 41 P 155 (1895); *see also Abrams v. Rushlight,* 157 Or 53, 69 P2d 1063 (1937); ORS 19.130. Although "reversed and remanded," the decree was not made a "nullity," nor were the subsequent proceedings thereunder, including the writ of execution and sheriff's sale.

Moreover, assuming that the trial court's error was an "irregularity" in the proceedings concerning the sale, defendants have not shown that it was to "their probable loss or injury." ORS 23.490. The 1980 decree required the sale of the interests of *both* defendants in the described property, from whatever source derived. It did not matter which of the defendants owned the property, or from what source it was acquired. Moreover, defendants do not claim that any property was sold at the sheriff's sale that would not have been sold had the 1980 decree conformed to our decision.[2]

---

[1] Another claim of defendants that our January, 1980, opinion recognized was held to be moot in our December, 1980, opinion and is not pertinent here.

[2] Even if the same considerations were to apply here as in an action to set aside a sheriff's sale, defendants do not show any equitable basis for relief. *See Thompson v.*

**3, 4.** As to their initial objections, filed in September, 1980, defendants also did not show any "substantial irregularities in the proceedings concerning the sale, to [their] probable loss or injury * * *." The return shows that the sheriff adjourned the sale from time to time in accordance with ORS 23.470 and sold the property in accordance with law and the court's order. Additionally, defendants have no basis to object because the properties were offered, but not sold, separately, because *they* did not request a separate sale. Plaintiff, furthermore, was entitled to bid portions of his judgments on the cash sales price. *See Title Co. v. Security Bldg. Corp.,* 131 Or 648, 651, 284 P 177 (1930). Finally, defendants may not collaterally attack plaintiff's judgment against Patricia that was partially satisfied from the sale proceeds. The application of those proceeds was not "substantially irregular" or "to [defendants'] probable loss or injury."

We will not consider other objections that defendants did not raise below pursuant to ORS 23.490(1).[3]

Affirmed.

---

*Thompson et al,* 233 Or 262, 378 P2d 281 (1963); *Lytle v. Payette-Oregon Irr. Dist.,* 175 Or 276, 152 P2d 934 (1944).

[3] Defendant's supplemental objections were not filed within 10 days of the sale. Plaintiff, however, does not assert that we cannot consider them.