**HUGIE,**
*Appellant,*
*v.*

## CITY OF SHADY COVE,
*Respondent.*

(85-264-J-2; CA A39490)

736 P2d 567

Thomas C. Howser, Ashland, argued the cause for appellant. On the brief were John W. Eads, Jr., and Cottle, Howser & Munsell, P.C., Ashland.

Mildred J. Carmack, Portland, argued the cause for

respondent. With her on the brief were Donald Joe Willis and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

In February, 1980, plaintiff and defendant city entered into an agreement by which plaintiff gave defendant an option to acquire a perpetual right-of-way for sewer lines across his property. The consideration defendant was to give him if it exercised the option was $1.00 plus a specified number of sewer connections to existing structures on plaintiff's property and to locations to be chosen by him in the future. The option clause of the agreement provided:

"This option shall be exercised upon City giving to [plaintiff], his heirs and assigns, written notice within the term of the option of their [sic] intention to so exercise the same and City shall, within 10 days, of the notice of the exercise of said option, pay [plaintiff] the sum of $1.00 as full payment for the perpetual right-of-way described herein, however, such payments [sic] shall not limit [plaintiff's] right to sewer connections above stated. Said Notice shall be sent to [a stated] address."

Defendant proceeded to install sewer lines on plaintiff's land, without giving notice to him pursuant to the option provision. It refuses to provide the sewer connections on plaintiff's property for which the agreement calls.

Plaintiff brought this action for a declaration that defendant has used the property pursuant to the agreement and is bound by it and also for damages for breach of the agreement, damages for inverse condemnation and damages and injunctive relief for trespass. *See* note 1, *infra.* Defendant moved for partial summary judgment as to all of plaintiff's claims except his inverse condemnation claim. Defendant's basis for seeking summary judgment on the contract claims was that it did not exercise the option and, therefore, no rights or obligations arose under the agreement; consequently, according to defendant, plaintiff's only remedy is inverse condemnation. The trial court granted the motion and entered a final judgment pursuant to ORCP 67B. Plaintiff appeals, assigning error to the granting of summary judgment on the contract claims.[1] We reverse.

---

[1] Plaintiff does not challenge the court's ruling on the trespass claims.

Our recitation of the facts is derived from plaintiff's summary in his brief. Defendant states in its brief that it accepts plaintiff's summary "for purposes of this appeal, although it does not admit the truth of all of plaintiff's allegations for purposes of further proceedings should they be necessary."

Plaintiff argues that this case comes within the rule stated in *Snyder v. Pynn,* 50 Or App 449, 455, 623 P2d 1090 (1981), and the cases cited there, that "[a]ctions amounting to a party's manifestation of a determination to accept an offer communicated to the party making the offer completes the contract," although the contract has not been overtly accepted or formally executed. The same rule applies to the exercise of options. *See, e.g., Killam v. Tenney,* 229 Or 134, 150, 366 P2d 739 (1961). However, defendant contends that that rule does not apply when the contract or option requires that it be accepted or exercised by a particular method other than the offeree's actions manifesting assent and that acceptance or exercise can only be accomplished in the prescribed manner when one is specified. Defendant relies on *Leadbetter v. Price,* 103 Or 222, 202 P 104 (1921); *Pacific Photocopy, Inc. v. Canon U.S.A., Inc.,* 57 Or App 752, 646 P2d 647, *rev den* 293 Or 635 (1982); and *Troutman v. Erlandson,* 44 Or App 239, 605 P2d 1200 (1980). *See also, e.g., Larson v. Trachsel,* 282 Or 247, 577 P2d 928 (1978); *Killam v. Tenney, supra.*

In *Leadbetter, Troutman, Larson* and *Killam,* the issue was the converse of the one here.[2] The plaintiffs or the counterclaiming defendants in those cases contended that they were entitled to rights under options which they maintained that they had exercised and which their opponents maintained that they had not. Here, the party asserting that the option has *not* been exercised in the manner that the agreement requires and asserting that other conduct manifesting an intent to exercise the option is not an effective alternative is the party which has the right to exercise the option and which has engaged in the conduct which purportedly constitutes a manifestation of its determination to do so.

---

[2] In *Pacific Photocopy,* the plaintiff sought damages for breach of a purported agreement under which it was to serve as an authorized dealer of the defendant's products. The plaintiff had submitted the dealership agreement to the defendant's local personnel. The document was signed by the plaintiff's officer, but the signature line for the defendant's officer was and remained blank. Shortly after receiving the agreement, one of the defendant's local representatives informed the plaintiff that it was "approved" as a dealer. The issue was whether that oral representation was binding on the defendant or whether the agreement required the signature of an authorized agent of the defendant to be effective. We interpreted the agreement as requiring the defendant's written approval. Neither party in *Pacific Photocopy* had substantially performed its obligations nor had received substantial benefits under the agreement. To the very marginal extent that *Pacific Photocopy* is relevant to this case, it is not inconsistent with our reasoning or our decision.

That distinction between the present case and the cited ones is not decisive in itself, because there is no doubt that, under appropriate circumstances, a party may avoid a contract by establishing that he has not accepted it in the specific manner that it requires, as well as by establishing that the other party has not.

■ ■   The critical problem with defendant's argument is that, notwithstanding the seeming resemblance, it is not simply the mirror image of the arguments advanced in the cited cases. Given the facts here, defendant goes well beyond those arguments and contends, in substance, that its actions cannot bind it to the *obligations* of the agreement, even though the effect of the actions was to obtain for it all of the rights to which it would have been entitled had it exercised the option in the way the agreement specifies. Defendant's understanding of the cases on which it relies would permit a party to escape the obligations and avail itself of the benefits of an agreement by unilaterally appropriating the other party's property or services, instead of following the contractual procedure for notifying the other party of its intent to buy or use them and pay for them in accordance with the contract. Defendant's understanding is wrong.

Reversed and remanded.