In re Thomas Lawrence MITCHELL and Mary Ann Mitchell, dba Figaro's Restaurant and Aquarian Renovating, Debtors.

Bankruptcy No. 380–01249.

United States Bankruptcy Court,
D. Oregon.

Jan. 29, 1981.

578

James Vick, Salem, Or., Trustee, pro se.

Albert C. Depenbrock, Salem, Or., for debtors.

## OPINION DENYING HOMESTEAD EXEMPTION TO THOMAS L. MITCHELL

DONAL D. SULLIVAN, Bankruptcy Judge.

The joint trustee for the above estates objected to the allowance of a homestead exemption claimed by Mr. Mitchell in a home which he occupied with his wife. The Court tried the matter in Salem, Oregon. James Vick, the trustee, represented himself. Albert C. Depenbrock represented the debtors. Caroline Thrill-Allen reported the proceedings.

The trustee, acting separately for the estate of Mrs. Mitchell, contended that Mr. Mitchell has no exemptible interest in the home because he failed to record his interest in accordance with Oregon law. Mr. Mitchell claims a one-half interest in the home because of contributions which he made to acquire the home and an unwritten understanding with his wife that he would have such an interest. Mrs. Mitchell filed a joint bankruptcy petition with her husband and at that time was the sole owner of record.

Mrs. Mitchell, in March of 1975, purchased the home in her name for $48,000 and gave a first mortgage to the Oregon Telco Credit Union at the time of purchase, and a second mortgage approximately three years later. The parties recorded the warranty deed and the mortgages at the time of the transactions. The Mitchells both worked and contributed to a fund which they used to pay the mortgages and other household expenses. Mrs. Mitchell testified that she always considered her husband to be a one-half owner of the property. She explained that her husband did not wish the title records to reflect his interest in the property because he was concerned about claims arising from a former marriage.

■ I find that Mr. Mitchell is not entitled to claim a homestead exemption in the home because of his failure to record his interest. The trustee, as trustee for Mrs. Mitchell, became a bona fide purchaser under 11 U.S.C. § 544(a)(3) from Mrs. Mitchell at the time she filed bankruptcy. The trustee is hypothetically deemed to have recorded his interest at the time of bankruptcy against prior unrecorded interests. Mr. Mitchell's interest is unrecorded and amounts at most to an equitable right to compel a conveyance of a half interest from his wife in accordance with their agreement. This equitable interest is void under ORS 93.640(1) as against Mrs. Mitchell's trustee in bankruptcy.

In Oregon, a prior equitable interest, which is not recorded as provided by law, is void under ORS 93.640(1) against a subsequent purchaser in good faith and for a valuable consideration who first records. *Armstrong v. Lovelace*, 285 Or. 313, 590 P.2d 1231 (1979); *Elwert v. Reid*, 70 Or. 318, 139 P. 918, 141 P. 540 (1914). Since at least 1973, private agreements to convey real property have been recordable under ORS 93.640(1) if reduced to writing. A bona fide purchaser is a purchaser in good faith, and for a valuable consideration within ORS 93.640(1). *Murray v. Wiley*, 169 Or. 381, 405, 127 P.2d 112, 129 P.2d 66 (1942); *Nelson v. Hughes*, 46 Or.App. 353, 357, 611 P.2d 688 (1980).

■ The complete hypothetical status of the trustee for purposes of determining prior rights must be determined "at the time of the commencement of the case" and not as of some prior or later time. *Lewis v. Manufacturers National Bank*, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961). To prevent state law from frustrating 11 U.S.C.

§ 544(a)(3) by imposing the additional requirement of actual recording upon the hypothetical status conferred by federal law, the trustee must also be deemed to have hypothetically recorded his interest at the commencement of the case. *Sampsell v. Straub*, 194 F.2d 228 (9th Cir. 1951). *In re Hidalgo*, 96 F.Supp. 783 (D.C.W.D.La.1951); *4 Collier on Bankruptcy*, ¶ 544.02 at 544–5 (15th Ed. 1980).

For the foregoing reasons, Mr. Mitchell has no interest which may support an exemption in the property because of his failure to record prior to his wife's bankruptcy. The trustee's objection to the homestead exemption claimed by Mr. Mitchell should be sustained.

Mrs. Mitchell should be allowed to amend her schedules to claim the most advantageous homestead exemption.