In re **WASHBURN & ROBERTS, INC.,** a Washington corporation, Debtor.

**WASHBURN & ROBERTS, INC.,** a Washington corporation, Plaintiff,

v.

**PARK EAST,** a Washington partnership; **Alan A. McDonald, Ruby McDonald,** and the marital community; **James Tonkin and Nancy Tonkin,** and the marital community, Defendants.

**Bankruptcy Nos. A81–0084, 79–01407.**

United States Bankruptcy Court, E. D. Washington.

Jan. 28, 1982.

Zachary Mosner of Shulkin, Hutton & Bucknell, Inc., P.S., Seattle, Wash., for plaintiff, Washburn & Roberts, Inc.

Leonard M. Cockrill of Hovis, Cockrill & Roy, Yakima, Wash., for defendants, Mc-Donald & Tonkin.

## MEMORANDUM DECISION

L. WARDEN HANEL, Bankruptcy Judge.

This matter is before the Court on the motion of the plaintiff, Washburn & Roberts, Inc., a Washington corporation, for Summary Judgment on its Complaint to void a transfer of property to the defendant, Park East, a Washington partnership, pursuant to 11 U.S.C. § 544(a)(3).

## FACTS ·

In May, 1979 the plaintiff entered into a partnership agreement with the defendants, Tonkin and McDonald. At the time the partnership was formed the plaintiff owned real estate valued at approximately $75,-000.00. Said real estate is the subject of the instant proceedings. Each of the partners was to contribute $25,000.00. Defendants, McDonald and Tonkin, paid $22,500.00 each to the plaintiff and the plaintiff conveyed to the partnership the subject property by statutory warranty deed executed and

delivered on May 24, 1979. Defendants, McDonald and Tonkin, further contributed $2,500.00 each to the partnership to cover initial expenses of the partnership in the development of the subject property.

For reasons best known to the parties the statutory warranty deed was not recorded at the time it was executed and delivered to the partnership. On October 1, 1979 the Bankruptcy Code became effective. At that time the partnership had yet to record the statutory warranty deed covering the subject property. The plaintiff obtained relief in Chapter 11 proceeding on December 17, 1979 and the partnership subsequently recorded the statutory warranty deed on January 16, 1980.

On February 17, 1981 the plaintiff filed this adversary proceeding seeking to avoid the transfer of the subject property pursuant to 11 U.S.C. § 544(a)(3). The defendants, McDonald and Tonkin, answered said complaint, and the plaintiff brought its motion for summary judgment. A hearing was held on the motion on November 6, 1981.

### ISSUE

The issue joined is whether the plaintiff as a debtor-in-possession may avoid the transfer of the subject property to the defendant, Park East, pursuant to 11 U.S.C. § 544(a)(3).

### DISCUSSION

11 U.S.C. § 544(a)(3) states:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred that is voidable by—...

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Further, 11 U.S.C. § 1107(a) states:

(a) Subject to any limitations on a trustee under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right of compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

The plaintiff upon filing for relief under Chapter 11 proceedings became empowered with the rights and powers of a trustee pursuant to 11 U.S.C. § 1107(a) and therefore obtained the power created under 11 U.S.C. § 544(a)(3).

11 U.S.C. § 544(a)(3) allows the plaintiff to avoid *any transfer* of property to the defendants, Park East, that is voidable by a bona fide purchaser of the same property under Washington State Law.

The applicable provision under Washington State Law is Revised Code of Washington 65.08.070 and reads as follows:

Real property conveyances to be recorded. A conveyance of real property, when acknowledged by the person executing the same (the acknowledgment being certified as required by law), may be recorded in the office of the recording officer of the county where the property is situated. *Every such conveyance not so recorded is void as against any subsequent purchaser or mortgagee in good faith and for a valuable consideration from the same vendor,* his heirs or devisees, of the same real property of any portion thereof whose conveyance is first duly recorded. An instrument is deemed recorded the minute it is filed for record.

Thus, under Washington law the failure of defendant, Park East, to record the statutory warranty deed voided the conveyance as to any subsequent bona fide purchaser. See *Paganelli v. Swendsen,* 50 Wash.2d 304, 311 P.2d 676 (1957).

As stated earlier 11 U.S.C. § 544(a)(3) gives the trustee the status of a hypotheti-

**308**

cal bona fide purchaser on the date the debtor files for relief. See *In re Mitchell*, 9 B.R. 577 (Bkrtcy.Or.1981). Also *In re Hotel Associates, Inc.*, 10 B.R. 668 (Bkrtcy.Pa. 1981). Thus, when the debtor filed Chapter 11 proceedings on December 19, 1979 it obtained the powers of a trustee under 11 U.S.C. § 1107(a) giving it the power to avoid transfers as a bona fide purchaser of real property. Since the defendant, Park East, failed to record the statutory warranty deed it was void as to the plaintiff as of December 19, 1979.

Defendants, McDonald and Tonkin, assert that any application of 11 U.S.C. § 544(a)(3) under the present circumstances would be a retroactive application of 11 U.S.C. § 544(a)(3) and thus, an unconstitutional taking of property in violation of the due process clause of the Fifth Amendment. Although the Courts have been divided on the question of the retroactive application of 11 U.S.C. § 522(f), see *In re Pillow*, 8 B.R. 404 (Bkrtcy. Utah 1981); contra, *In re Williams*, 8 B.R. 562 (Bkrtcy.Wash.1981), such is not the case at hand. It is true the statutory warranty deed was executed and transferred between the parties on May 24, 1979, it is also true that although the Bankruptcy Code had been adopted it did not become effective until October 1, 1979. If upon enactment of the Code the defendants had been divested of its property their due process argument might have been valid. Yet, the enactment did not divest the defendants of the property, but rather the divestiture is occasioned by their failure to record the deed. Thus, almost three months after the effective date of the Code the plaintiff filed for relief under Chapter 11 proceeding, and it was at that time that the provisions of 11 U.S.C. § 544(a)(3) became operative. There was no retroactive application of 11 U.S.C. § 544(a)(3) in violation of the due process clause of the Fifth Amendment.

Finally, the defendants, McDonald and Tonkin, raise the issue that none of the defendants are creditors of the debtor. As to this contention the Court duly points out that 11 U.S.C. § 544(a)(3) does not require that the defendants need be creditors, in that the trustee may avoid *any transfer* of property of the debtor that could be voided by a bona fide purchaser of real property as to the property in question and thus, the defendants' contentions are inapplicable.

In light of the foregoing which the Court adopts as its Findings of Fact and Conclusions of Law pursuant to Federal Rules of Bankruptcy Procedure 752 it is:

ORDERED that the plaintiff's Motion for Summary Judgment is hereby granted, and

FURTHER ORDERED that counsel for the plaintiff submit an Order in conformity with the foregoing.