**In re LWMcK CORPORATION d/b/a NATIONAL BUILDING SYSTEMS, Debtor.**

**Donald HOAGLAND, Trustee, Plaintiff,**

v.

**EDWARD HINES LUMBER COMPANY, Defendant.**

Bankruptcy No. 95–30157.
Adversary No. 95–3250.

United States Bankruptcy Court, S.D. Illinois.

May 17, 1996.

Ronald E. Fuhr, Effingham, IL, for Plaintiff.

Steven M. Wallace, E. St. Louis, IL, for Defendant.

### *OPINION*

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is Plaintiff's Complaint seeking to avoid a post-petition transfer filed pursuant to Section 549 of the Bankruptcy Code and Defendant's Answer thereto.

Prior to this case's commencement, Cambridge Properties ("Cambridge"), an Illinois partnership, entered into a construction contract with LWMcK Corporation, d/b/a National Building Systems ("Debtor") whereby Debtor agreed to construct improvements on a project known as Cambridge Place–Mokena. Debtor, in turn, subcontracted a portion of the work to Greenwell Custom Buildings ("Greenwell") and Greenwell purchased·materials from Edward Hines Lumber Company ("Defendant"). Ultimately, Defendant issued invoices to Greenwell for materials purchased in connection with the Cambridge Place–Mokena project in the amount of $7,522.42, which Greenwell failed or declined to pay. As a result, Defendant issued its Notice of Claim for Mechanics' Lien in the amount of $7,522.42 with respect to Lots 13, 15, 16, and 17 of Cambridge Place–Mokena.

On February 16, 1995, Debtor filed bankruptcy. Donald Hoagland, Trustee ("Plaintiff") was duly appointed Chapter 7 Trustee in this case.

On March 1, 1995, Cambridge issued its check in the amount of $7,522.42 to Defendant, and Defendant negotiated the check,

applying the funds to the obligations of Greenwell in connection with the Cambridge Place–Mokena project. On the same date, Defendant issued its waivers of mechanics' liens with respect to Lots 13, 15, 16, and 17 of Cambridge Place–Mokena.

Thereafter, Plaintiff made demand upon Cambridge for payment of sums allegedly due and owing to Debtor with respect to work Debtor performed pursuant to its contract with Cambridge. Cambridge refused Plaintiff's demand in part because Cambridge claims that it partially satisfied its obligations to Debtor by making payment to Defendant on March 1, 1995, in the amount of $7,522.42.

11 U.S.C. § 549(a) provides that the trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is not authorized under Title 11 or by the court. Under this subsection, a four-part inquiry is raised: (1) whether a transfer of property occurred; (2) whether the property was property of the estate; (3) whether the transfer occurred after the commencement of the case; and (4) whether the transfer was authorized by the court or the Bankruptcy Code. *In re Watson,* 65 B.R. 9 (Bankr.C.D.Ill.1986). Under Fed.R.Bankr.P. 6001, any entity asserting the validity of a transfer under § 549 of the Code shall have the burden of proof. In spite of its assertion to the contrary, Defendant bears the burden of proof in this matter.

It is conceded that a post-petition transfer of property occurred. The question of law presented by this case is whether the property transferred was, in fact, property of the estate.

11 U.S.C. § 541(a) enumerates what constitutes property of the estate and is quite broad in its definition. It includes all of the debtor's interest, legal and equitable; every conceivable interest of the debtor, future non-possessory, contingent speculative, and derivative, is within the reach of the statutory provision defining estate property. *In re Yonikus,* 996 F.2d 866 (7th Cir.1993).

Plaintiff concedes that payments made by a contract debtor of the bankrupt to a creditor of the bankrupt do not become part of the bankruptcy estate where there is an independent obligation on the part of the contract debtor to pay the creditor. Plaintiff asserts that while there is a legal obligation on the part of Cambridge to pay Debtor for services rendered, there is no legal obligation on the part of Cambridge to pay Defendant because there was no privity of contract or independent contractual obligation on the part of Cambridge to pay Defendant.

Defendant asserts that the property transferred was simply not property of the Debtor's estate. Debtor had no right to payment under the contract until such time as subcontractors and material suppliers are paid in full.

Both Plaintiff and Defendant rely on *In re Arnold,* 908 F.2d 52 (6th Cir.1990), as authority for their respective positions. In *Arnold,* the State of Tennessee entered into a construction contract with the J. Harold Shankle Construction Company ("Shankle"). Shankle, in turn, subcontracted with the debtor, Arnold's Electric Company ("Arnold"), to perform electrical work. Arnold bought materials from Braid Electric Company ("Braid") to complete the work. When Arnold filed bankruptcy, $61,756.14 had been earned by Arnold from Shankle. Thereafter, Shankle paid that amount to Braid, and Arnold's bankruptcy trustee sought to recover that amount from Braid as a post-petition transfer under Section 549 of the Bankruptcy Code.

The Bankruptcy Court found for the trustee, and that decision was affirmed by the District Court on appeal. On further appeal to the Sixth Circuit, the Court of Appeals found that the Bankruptcy Court had concluded that Shankle's relationship to Braid arose solely out of Arnold's relationship with Shankle. Thus, there was no independent obligation on the part of Shankle to pay Braid. The Court of Appeals found the lower courts' finding erroneous, citing Section 4.4.1 of the contract between the State of Tennessee and Shankle, which provided:

Unless otherwise provided in the Contract Documents, the Contractor shall provide and pay for all labor, materials equipment,

tools, construction equipment and machinery, water, heat, utilities, transportation, and other facilities and services necessary for the proper execution and completion of the Work, whether temporary or permanent, and whether or not incorporated or to be incorporated in Work.

Based upon this language found in the contract, the Court of Appeals found an independent obligation on the part of Shankle to pay Braid. *Id.* at 54. "This contract imposed an obligation on Shankle to pay Braid independent of any relationship Shankle had to Arnold." *Id.* at 55.

> In the case at bar, Plaintiff asserts that:
>
> (t)here is no contractual language that makes (Debtor) or Cambridge responsible to pay any and all persons who provided material or services to the Mokena Project. Since the Appellate Court's ruling in *In re Arnold* turned on the language of Section 4.4.1 of the Contract between the State and Shankle, and such language is not present in the case before the Court, *Arnold* is not controlling authority.

*Plaintiff's Brief,* p. 5.

Defendant has a different interpretation of the holding in *Arnold:*

> Where a construction contractor makes payment from the contractor's own funds directly to a person who provided materials to a subcontractor, the trustee of the subcontractor's Chapter 7 estate has no claim against the material supplier under section 549 of the Bankruptcy Code. *In re Arnold,* 908 F.2d 52 (6th Cir.1990).

*Defendant's Brief,* p. 5.

Paragraph 13(a) of the Subcontract Agreement between Cambridge ("Contractor") and Debtor ("Subcontractor") states in part as follows:

> (a) If at any time there shall be evidence of any lien of (sic) claim by SUBCONTRACTOR or materialman or any other person claiming by or through SUBCONTRACTOR for which, if established, CONTRACTOR might become liable or to which Project or property on which Project is located might be subject, or which should, in any event, be charged to SUBCONTRACTOR, CONTRACTOR shall

have the right to retain out of any payment due or thereafter to become due SUBCONTRACTOR, an amount sufficient to indemnify CONTRACTOR against such lien or claim, including bond premiums and attorney's fees, and to apply the same as CONTRACTOR deems proper to secure protection from and satisfy such claims and liens....

■ Defendant correctly points out that, while the contractual language in *Arnold* quoted above clearly creates an independent obligation between Shankle and Braid, there is no such independent obligation between Cambridge and Defendant, and Paragraph 13(a) of the Subcontract Agreement between Cambridge and Debtor does nothing to change that. However, the language contained therein clearly indicates that, to the extent Debtor is otherwise entitled to full payment under the contract, such payment shall be reduced by the amount necessary to indemnify Cambridge against any liens or claims arising against it. Hence, in this case, if Debtor had fully and completely satisfied the terms of the Subcontract Agreement between Cambridge and Debtor, Debtor would be entitled to be paid the full amount promised under the Agreement *minus* all sums necessary for discharging and satisfying liens or claims. Clearly, this provision applies to the $7,522.42 paid to Defendant by Cambridge. While the language in Paragraph 13(a) may not create an independent obligation between Cambridge and Defendant, its legal effect on the bankruptcy estate is the same—to exclude from the bankruptcy estate property which, but for the contractual terms, would otherwise be estate property under 11 U.S.C. § 541. In reaching this conclusion, the Court rejects Defendant's overly broad interpretation of the holding in *Arnold* that no payment by a contractor from its own funds to a person who provided materials to a subcontractor is avoidable under 11 U.S.C. § 549. This Court's holding, like the holding in *Arnold,* is based upon the terms of the contract between the parties.

Because the Subcontract Agreement, the terms of which govern whether Debtor is entitled to payment, does not concern itself with the choateness or perfection of the lien

or claim, the Court finds no reason to discuss or determine that issue.

Since the payments made by Cambridge to Defendant in this case are not part of the bankruptcy estate, the Court finds in favor of Defendant. Accordingly, Cambridge's payment of $7,522.42 to Defendant is not avoidable under 11 U.S.C. § 549.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.