**In re Gregory P. RUSSELL, d/b/a P & G Equipment Co. SSN: 258–23–4979, Debtor.**

**Walter W. KELLEY, Trustee, Plaintiff,**

v.

**CITIZENS BANK and Gregory P. Russell, Defendants.**

**Bankruptcy No. 97–60876–JTL.
Adversary No. 98–6008.**

United States Bankruptcy Court,
M.D. Georgia,
Thomasville Division.

Nov. 3, 1998.

Thomas D. Lovett, Kelley & Lovett, P.C. Albany, GA, for trustee.

James H. Moore III, Albany, GA, for defendants.

Bruce Warren, Whitehurst, Cohen & Blackburn, Thomasville, GA.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On October 7, 1998, the court held a telephone hearing on Trustee's motion for summary judgment on his complaint to avoid the postpetition transfer of a security interest, to determine secured status, and for turnover of estate property. During the hearing, counsel for Citizens Bank and Trustee were given additional time to brief issues discussed at the hearing but not addressed in briefs previously submitted to the court. Debtor has not filed an answer and was not represented at the hearing. After considering the briefs and the applicable statutory and case law, for the reasons below, the court will grant in part and deny in part Trustee's motion for summary judgment.

### Facts

The material facts are uncontested. On October 10, 1997, Debtor executed a promissory note and security agreement giving Citizens Bank a security interest in Debtor's truck. Subsequently, Debtor filed a chapter 7 petition on October 27, 1997.

An application for title to the truck was delivered to the Grady County Tax Commissioner's Office on either October 23, 1997 or October 30, 1997. The exact date of delivery is not material to the resolution of the issues before the court. The application failed to name a lienholder and also did not contain Debtor's signature on the odometer mileage statement as required. Because of the failure to sign the odometer statement, the application was rejected by the Department of Motor Vehicles ("D.M.V.") and returned to the Grady County Tax Commissioner's Office in November 1997. The application was cor-

rected and Citizens Bank was added as lien-holder. This corrected application was received by the D.M.V. on December 11, 1997. On January 7, 1998, a certificate of title was issued listing Citizens Bank as a security interest holder. Neither the Chapter 7 Trustee nor the court authorized a postpetition transfer of a security interest in the truck.

*Discussion*

■■■ The court agrees with Trustee's argument that submitting the second application for title, which corrected the problem with the odometer statement and added Citizens Bank as lienholder, resulted in an unauthorized postpetition transfer of a security interest in estate property. As such, it is subject to Trustee's avoidance power under Section 549(a) of the Bankruptcy Code ("Code"). Section 549(a) of the Code provides:

(a) Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

(1) that occurs after the commencement of the case; and

(2)(A) that is authorized only under section 303(f) or 542(c) of this title; or

(B) that is not authorized under this title or by the court.

11 U.S.C. § 549(a). "Under [§ 549(a)], a four-part inquiry is raised: (1) whether a transfer of property occurred; (2) whether the property was property of the estate; (3) whether the transfer occurred after the commencement of the case; and (4) whether the transfer was authorized by the court or the Bankruptcy Code." *Hoagland v. Edward Hines Lumber Co. (In re LWMcK Corp.)*, 196 B.R. 421, 423 (Bankr.S.D.Ill.1996) (citing *In re Watson*, 65 B.R. 9 (Bankr.C.D.Ill. 1986)). Assessing Trustee's avoidance power under § 549 of the Code also entails an analysis of § 546(b)(1) of the Code. Section 546(b)(1) provides:

(b)(1) The rights and powers of a trustee under section 544, 545, and 549 of this title are subject to any generally applicable law that—

(A) permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of perfection; or

(B) provides for the maintenance or continuation of perfection of an interest in property to be effective against an entity that acquires rights in such property before the date on which action is taken to effect such maintenance or continuation.

11 U.S.C. § 546(b)(1).

The generally applicable law that Citizens Bank would have the court apply to negate Trustee's avoidance power is the Official Code of Georgia Annotated ("O.C.G.A.") § 40–3–50 (1997). The first two sentences of O.C.G.A. § 40–3–50(b) read:

(b) A security interest is perfected by delivery to the commissioner ... of the existing certificate of title, if any, and an application for a certificate of title containing the name and address of the holder of a security interest and the required fee. The security interest is perfected as of the time of its creation if the initial delivery to the commissioner or local tag agent is completed within 20 days thereafter, regardless of any subsequent rejection of the application for errors; otherwise, as of the date of the delivery to the commissioner or local tag agent.

O.C.G.A. § 40–3–50(b) (1997). An examination of Georgia cases revealed no instance in which a Georgia court published an opinion addressing whether an application initially listing no security interest holder was covered by this section. The court finds, based on the wording of the statute, that such an application is not governed by O.C.G.A. § 40–3–50, and therefore under § 546(b) of the Code, there is no generally applicable law allowing for relation back of the attempted perfection of the security interest.

The language of O.C.G.A. § 40–3–50(b) says that it applies to "an application for a certificate of title containing the name and address of the holder of a security interest." *Id.* In the present case, it was only after the first application had been rejected for errors and a corrected application was submitted that the name of any secured party was

included. However, Debtor filed his chapter 7 petition on October 27, 1998, before the application containing the name and address of a security interest holder was delivered. Regardless of whether the initial application for title was submitted on October 23 or 30, 1997, no application listing the name and address of a secured party had been delivered until December 11, 1997. It follows that the language allowing for corrections during a continuous process and allowing for relation back does not apply to the application as submitted on October 23 or 30, 1997. Therefore, O.C.G.A. § 40–3–50 is not applicable, the attempted perfection does not relate back to October 10, 1997, and § 546(b)(1) of the Code does not limit Trustee's avoidance power in this situation.

Because the corrected and supplemented application does not relate back to the delivery of the original application under O.C.G.A. § 40–3–50, the delivery of the corrected and supplemented application for title on December 11, 1997 resulted in a postpetition transfer of a security interest in estate property without authorization under § 549(a) of the Code. *See In re LWMcK Corp.*, 196 B.R. at 423.

◼ Alternatively, § 544 of the Code would provide a basis for a decision in Trustee's favor.[1] Section 544 of the Code provides Trustee with a strong arm power to avoid certain transfers.

As discussed *supra*, Debtor's December 11, 1997 application for certificate of title does not relate back to October 10, 1997 under O.C.G.A. § 40–3–50. Accordingly, § 546(b)(1) of the Code does not limit Trustee's strong arm power under § 544 of the Code. Also, contrary to Citizens Bank's as-

sertion, Trustee is not restricted by O.C.G.A. § 40–3–53 in order to gain his status as a hypothetical perfected lien holder under § 544 of the Code. *See Collier on Bankruptcy* Para. 544.03 (Lawrence P. King ed., 15th ed. rev.1998).

A similar argument was made in *McAllester v. Aldridge (In re Anderson)*, 30 B.R. 995, 1012 (M.D.Tenn.1983). There, the bankruptcy court rejected the argument that the trustee had to comply with Tennessee state law judgment lien statutes in order to be perfected under § 544(a) of the Code. *Id.* The court stated:

> [F]ederal law is well established that the trustee acquires his status under § 544(a) as of the commencement of the case and he does not need to comply with any applicable state notice requirements in order to perfect his § 544 lien. *See, e.g., Sampsell v. Straub*, 194 F.2d 228 (9th cir.1951), *cert. denied* 343 U.S. 927, 72 S.Ct. 761, 96 L.Ed. 1338 (1952); *McCannon v. Marston (In re Hotel Associates, Inc.)*, 10 B.R. 668, 670 (Bkrtcy.E.D.Pa.1981) [sic], *rev'd on other grounds*, 679 F.2d 13 (3rd Cir.1982) [sic]; *In re Mitchell*, 9 B.R. 577, 578–579 (Bkrtcy.D.Or.1981) [sic]; 4 L. King, Collier on Bankruptcy, [para.] 544.02, 544–7 to 544–7 to 544–8[sic] (15th ed.1982).

*Id.*

◼ Applying this rule to the present case, Trustee need not demonstrate his ability to comply with O.C.G.A. § 40–3–53. Trustee gained his status as a perfected lien creditor as of the date of filing regardless of what other requirements state law provides for perfecting judgment liens.

---

1. Section 544(a) of the Code provides:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by:

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. § 544(a)

However, the court will deny Trustee's motion for summary judgment on the issue of whether Debtor's postpetition payments to Citizens Bank were unauthorized transfers of estate property under § 549(a) of the Code. Trustee has presented no evidence on this issue. The court will hold a status conference regarding the proper treatment of the postpetition payments.

### Conclusion

Based on the foregoing analysis, the court will grant in part and deny in part Trustee's motion for summary judgment. Citizens Bank will be ordered to cancel its lien in Debtor's truck. Debtor will be ordered to turn over the truck to Trustee. The court will deny summary judgment as to whether Trustee may avoid certain postpetition payments. The court will schedule a status conference as to the remaining issues in this Adversary Proceeding.