WILLIAM A. FLETCHER, Circuit Judge:
 

 Appellant-trustee Ronald R. Sticka appeals the judgment of the Bankruptcy Appellate Panel (“BAP”) holding that a debt- or’s prepaid rent and security deposit is included in the homestead exemption under Oregon law. We agree with the BAP in all respects and affirm.
 

 I. Background
 

 On November 22, 1999, appellee-debtor Matthew J. Casserino filed a joint Chapter 7 petition with his then-wife. At the time, Casserino was separated from his wife (from whom he is now divorced) and living in an apartment that he leased on a month-to-month basis. Pursuant to the rental agreement, Casserino had paid his landlord $2,000 prior to occupancy: $750 for the first month’s rent, $750 for the last month’s rent, and $500 as a security deposit ($100 of which was a nonrefundable cleaning fee). Thus, at the time Casserino filed for bankruptcy, his landlord retained $1,150 of this original sum: a $400 refundable security deposit and a $750 deposit to be applied toward future rent obligations. Casserino claims an exemption for this $1,150.
 

 The trustee, Ronald R. Sticka, sent a letter to Casserino’s landlord, demanding that she remit to him Casserino’s deposit and prepaid rent. When the landlord refused, Sticka filed an adversary proceeding against her (and, later, against her estate), seeking turnover of the deposit and sanctions for her refusal to cooperate. A few months later, the parties reached a settlement under which the landlord’s estate would deposit $1,150 with Sticka, and Stic-ka would return the funds if they were deemed exempt.
 

 Casserino argued before the bankruptcy court that the prepaid rent and security deposit were part of Oregon’s homestead exemption pursuant to Or.Rev.Stat. §§ 23.240 and 23.250.
 
 [1]
 
 The Bankruptcy Court held that Casserino was entitled to exempt the prepaid rent and deposit. Noting that “the homestead statute ... is to be construed liberally to advance its purpose,” the court found that “[ujnder Oregon law, a homestead may be claimed in any interest in property that carries with it the right of possession,” including a tenancy. It further concluded that the deposit and prepaid rent, as “rights attendant [to]” the leasehold, were subject to the exemption.
 

 On appeal, the BAP affirmed, finding that because a residential lessee owned a possessory interest in the leased property, the lease fell within the definition of “homestead” under Oregon law. The BAP also concluded that the exemption included Casserino’s deposit and prepaid rent:
 

 Payment of the rent and deposit was a condition precedent to Debtor’s right to obtain possession of the property under the lease agreement. It is as simple as that: no deposit, no lease. The rent and deposit represented integral rights and responsibilities accruing under the lease.
 

 The trustee timely appealed to this court. On appeal, he argues that under Oregon law, a residential leasehold interest is not a “homestead” and therefore does not qualify for the exemption. He argues further that even if the leasehold qualifies for the
 
 *1072
 
 exemption, the deposit is not part of the lease for purposes of the homestead exemption. Finally, the trustee argues that under 11 U.S.C. § 365(d)(1), the lease ceased to exist by operation of law, and therefore the debtor was not permitted to take an exemption for the deposit.
 

 II. Standard of Review
 

 On appeal from the BAP, we independently review a bankruptcy court’s ruling, “reviewing the bankruptcy court’s conclusions of law de novo and its factual findings for clear error.”
 
 In re Rodeo Canon Dev. Corp.,
 
 362 F.3d 603, 607 (9th Cir.2004) (internal quotation marks and citation omitted).
 

 III. Discussion
 

 A. Exemption of Residential Leaseholds under Or.Rev.Stat. § 18.395
 

 Oregon has chosen to opt out of the federal bankruptcy exemption scheme and define its own exemptions from the bankruptcy estate.
 
 See
 
 11 U.S.C. § 522(b)(1); Or.Rev.Stat. § 18.300 (2003). Or.Rev.Stat. § 18.395 establishes an exemption for a debtor’s homestead:
 

 A homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $25,000, except as otherwise provided by law. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $33,000.
 
 The homestead must be the actual abode of and occupied by the owner,
 
 or the owner’s spouse, parent, or child ....
 

 (Emphasis added.) There is no dispute that under the terms of the statute Casser-ino’s apartment was his “actual abode.” The only question is whether a residential lessee can be an “owner” under this section.
 

 [2] While Oregon courts have never addressed whether a residential leasehold qualifies as a homestead, they have held that the homestead exemption should be liberally interpreted in light of its goal to “assure to the unfortunate debt- or ... the shelter and influence of home.”
 
 In re Banfield’s Estate,
 
 137 Or. 167, 298 P. 905, 907 (1931). In furtherance of this goal, Oregon courts “employ the most liberal and humane rules of interpretation” to guide their understanding of the statutory text.
 
 Id.
 

 In analyzing whether Oregon’s homestead exemption applies to a given property, courts have found the existence of a current possessory interest, not the particular form in which the debtor holds the property, to be determinative. “[The] homestead right does not depend upon the character or extent of the estate owned by [the debtor], provided he is not a mere intruder.”
 
 Marvin & Co. v. Piazza,
 
 129 Or. 128, 276 P. 680, 681 (1929). Instead, the proper focus is whether the claimed property “is occupied by [the debtor] as his actual abode and place of residence.”
 
 Id.
 
 Thus, courts have generally held that a debtor in current possession of property may claim a homestead exemption under Oregon law, while a debtor who lacks a present possessory interest may not.
 

 For example, in
 
 Troutman v. Erlandson,
 
 44 Or.App. 239, 605 P.2d 1200 (1980), the debtor owned his mobile home outright but leased the property underneath it. Although the debtor had an option to purchase the underlying land, he had not yet exercised it.
 
 Id.
 
 at 1204. The Oregon Court of Appeals concluded that, since the
 
 *1073
 
 debtor had a right of possession until the option expired, he could claim a homestead exemption in the land regardless of whether or not he exercised the option.
 
 Id.
 

 Courts have allowed debtors to claim the Oregon homestead exemption for other property interests that include a present right of possession, including a tenancy by the entirety, a life estate, and a tenancy in common.
 
 See Breneman v. Corrigan,
 
 4 F.2d 225, 226 (9th Cir.1925) (tenancy by the entirety qualified for homestead exemption);
 
 Banfield,
 
 298 P. at 907 (1931) (in light of the homestead statute’s purposes “not ... to deprive any person of the protection and comfort of a homestead,” the statute should be interpreted to include a life estate);
 
 Marvin,
 
 276 P. at 681 (tenancy in common qualified for exemption because “defendants were in the several possession and occupancy of the parts allotted to them as actual abodes [and] .... [s]uch possession and occupancy was sufficient to make the premises so possessed and occupied a homestead”). By contrast, where courts have held that a given property did not qualify as a homestead under Oregon law, they have stressed the absence of a present possessory right.
 
 See White v. White,
 
 727 F.2d 884, 886 (9th Cir.1984) (finding that “[n]o Oregon case has held that a non-possesso-ry interest may be the basis of a homestead exemption” and that a judgment lien on the home of debtor’s ex-wife was therefore not exempt).
 

 The courts’ focus on the presence of a possessory interest is consistent with the legislative purposes of Or.Rev.Stat. § 18.395. Oregon courts have found that, in establishing the homestead exemption, the legislature sought to “preserve a roof over [the debtor’s] head,”
 
 White,
 
 727 F.2d at 887, and to “protect the general economic welfare of all citizens ... by promoting the stability and security of our society.”
 
 Wilkinson v. Carpenter,
 
 277 Or. 557, 561 P.2d 607, 611 (1977). Construing Or.Rev.Stat. § 18.395 to protect the debt- or’s possessory interest in property, regardless of the form in which it is held, furthers both of these aims. In this case, for example, permitting Casserino to exempt his residential leasehold spares him the possibility of immediate eviction and his landlord the disruptive effects of a broken lease.
 

 Most courts that have interpreted homestead statutes similar to Oregon’s have concluded that a residential leaseholder is an “owner” for purposes of claiming a homestead exemption. For example, Wisconsin’s homestead statute, which served as the model for Oregon’s, refers to the “owner” of a homestead-exempt property.
 
 See
 
 Wis. Stat. Ann. § 815.20;
 
 Fleischhauer v. Bilstad,
 
 233 Or. 578, 379 P.2d 880, 883 (1963). The Wisconsin Supreme Court has held that under the homestead statute, “there can be no doubt but that a homestead may be secured in premises held under a lease.”
 
 Beranek v. Beranek,
 
 113 Wis. 272, 89 N.W. 146, 146-47 (1902). Courts applying the homestead statutes of many other states have reached similar conclusions.
 
 See In re Cook,
 
 No. 02-11321, 2003 WL 21790296, at *1 (Bankr.W.D.N.C. March 4, 2003) (leasehold constitutes “property in which the debtor owns an interest” under homestead statute) (internal quotation marks and citation omitted);
 
 In re Foley,
 
 97 F.Supp. 843, 845 (D.Neb.1951) (month-to-month tenant is a homestead “owner” because he has an assignable interest in property);
 
 In re McAtee,
 
 154 B.R. 346, 347 (Bankr.N.D.Fla.1993) (long-term leaseholder “owned” property within the meaning of exemption statute);
 
 In re Preston,
 
 96 B.R. 61, 63 (Bankr.W.D.Va.1989) (leasehold “owner” may claim an exemptible interest in the lease);
 
 see also In re Eskew,
 
 233 B.R. 708, 709 (Bankr.W.D.Tex.1998) (possessory interest may be the basis for homestead
 
 *1074
 
 exemption);
 
 In re Wood,
 
 8 B.R. 882, 887 (Bankr.S.D.1981) (license in property may be claimed under homestead exemption). Although a few courts have found to the contrary,
 
 see In re Tenorio,
 
 107 B.R. 787 (Bankr.S.D.Fla.1989) and
 
 In re Kimball,
 
 2 B.R. 560 (Bankr.W.D.La.1980), the weight of authority indicates that, under most state homestead exemptions, a lease qualifies as a homestead.
 

 In light of Oregon courts’ focus on the debtor’s possessory interest and the conclusions of most other jurisdictions, we hold that the term “owner” in Or.Rev.Stat. § 18.395 includes residential leaseholders. Casserino’s leasehold therefore comes within Oregon’s homestead exemption from the bankruptcy estate.
 

 B. Status of Casserino’s Security Deposit and Prepaid Rent
 

 We next consider whether the Oregon homestead exemption includes Casserino’s security deposit and prepaid rent. The two courts to have addressed this issue in other jurisdictions have both answered in the affirmative. In
 
 In re Nagel,
 
 the bankruptcy court concluded that the security deposit could not be viewed separately from the leasehold interest because they both arose from the same lease agreement. 216 B.R. 397, 398 (Bankr.W.D.Tex.1997). Using somewhat different reasoning, another bankruptcy court reached a similar conclusion.
 
 In re Quintana,
 
 28 B.R. 269, 270 (Bankr.D.Colo.1983) (finding that prepaid rent is part of the homestead, and since a security deposit could be applied to unpaid rent under Colorado law, security deposits were also subject to the homestead exemption).
 

 The reasoning of both the
 
 Nagel
 
 and
 
 Quintana
 
 courts also applies in this case. Only by depositing funds for a security deposit and the last month’s rent with his landlord did Casserino became entitled to take possession of the property according to the terms of the lease. If Casserino’s landlord had been required to pay these funds to the trustee, Casserino would therefore have been in material breach of the lease. For this reason, the deposit and the lease are not severable. As the BAP put it, “no deposit, no lease.”
 

 Moreover, payment of the security deposit conferred on Casserino specific rights that were part of his leasehold interest. Under Oregon law, a prepaid rent deposit and a security deposit may be used by the landlord for only two purposes: to pay rent and to repair damage to the premises. Or.Rev.Stat. § 90.300(5) and (7). The actual lease Casserino signed provides that prepaid rent will be “dealt with in accordance with [Or.Rev.Stat.] § 90.300” and that the security deposit will be used “to remedy lessor’s defaults in the performance of this agreement and to repair damage to the premises.”
 

 By the terms of his lease and of Or.Rev.Stat. § 90.300, Casserino thus had two rights: the right to live in his apartment for one month without paying additional rent, and the right, upon vacating the premises, to have repairs costing $400 or less satisfied from his already-committed funds. Although these benefits were to be enjoyed in the future, Casserino became entitled to them upon paying the deposit, both by the terms of the lease and by operation of Oregon lease law. Because the interest protected by the homestead exemption derives from the residential leasehold, the benefits and burdens of the leasehold — including both the obligation to pay a deposit and the right to have it applied to particular purposes — are an integral part of the leasehold. Therefore, they cannot be detached from the rest of the exemptible leasehold interest.
 

 Interpreting Oregon’s homestead statute as not exempting rent and security deposits would produce a counter productive
 
 *1075
 
 result. If landlords were required to turn over the leaseholder’s deposits to the bankruptcy trustee, they would presumably demand from the debtor a replacement deposit that, in many cases, he or she could not pay and could not arrange for others to pay. A debtor who could not replace the security deposit would often face eviction. This outcome would completely subvert the homestead exemption’s purpose of allowing the debtor to keep “a roof over [his] head.”
 
 White,
 
 727 F.2d at 886-87, and would be at odds with Oregon’s policy to give the homestead statute a “liberal and humane interpretation.”
 

 We therefore hold that the last month’s rent and security deposit are an integral part of Casserino’s leasehold. Under Oregon law, they are therefore included in his exempt homestead.
 

 C. Trustee’s Failure to Assume the Lease
 

 The trustee’s final argument concerns the effects of 11 U.S.C. § 365, which gives trustees the option of assuming or rejecting the debtor’s executory contracts. The trustee argues that, because he did not assume the lease pursuant to 11 U.S.C. § 365, “[the] bankruptcy petition severed [Casserino’s] prepetition rights under the lease and effectively changed his status to that of a tenant at sufferance.” Given the holding above, the trustee’s argument is beside the point.
 

 Section 365 simply does not apply to an exempted homestead. By definition, exempted property is property that is removed from the bankruptcy estate.
 
 See
 
 11 U.S.C. § 522(b) (describing property that the debtor “may exempt from ... the estate”); Or.Rev.Stat. § 18.395 (homestead property is “exempt ... from liability in any form”). An exempted homestead is therefore not subject to assumption or rejection by the trustee. Because we hold that Casserino’s leasehold (including deposit) was validly claimed as a homestead exemption under Oregon law, Casserino’s residential lease continued in effect, and the rent and security deposit properly remained with the landlord.
 

 For the reasons stated, the BAP properly held that a leaseholder’s security deposit and prepaid rent are exemptible homestead property under Oregon law.
 

 AFFIRMED.
 

 [1]
 

 . In 2003, Or.Rev.Stat. § 23.240 was renumbered § 18.395 and Or.Rev.Stat. § 23.250 was renumbered § 18.402.