Olliean Gobaud, Las Vegas, CA, pro se.

Eugene Schneider, Oakland, CA, pro se.

**In re: Olliean GOBAUD, Debtor,**

**Eugene Schneider, Appellant,**

**v.**

**Olliean Gobaud, Appellee.**

No. 04–16993.
BAP No. NV–03–01381–SMaMo.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Before T.G. NELSON, TALLMAN and BEA, Circuit Judges.

MEMORANDUM**

Eugene Schneider appeals pro se from the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's final order denying his motion to extend time to file a notice of appeal in an adversary proceeding in the debtor's bankruptcy case. We have jurisdiction pursuant to 28 U.S.C. § 158(d). On appeal from the BAP, we review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *Sticka v. Casserino (In re Casserino)*, 379 F.3d 1069, 1072 (9th Cir.2004). We affirm.

We reject Schneider's contention that he should have received an extension of time to file a notice of appeal because notice of the underlying judgment was mistakenly mailed to his former counsel. *See* Fed. R. Bankr.P. 9022(a) (lack of notice "does not ... authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002"); Fed. R. Bankr.P. 8002(c) (time to appeal may be extended—upon a showing of excusable neglect—only by motion filed not later than twenty days after the expiration of the time for filing a notice of appeal).

The bankruptcy court did not err in denying Schneider's extension request be-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

cause, even assuming a showing of excusable neglect, Schneider failed to file his request within Rule 8002(c)'s twenty-day period. *See Slimick v. Silva (In re Slimick)*, 928 F.2d 304, 306 (9th Cir.1990) ("Although Rule 8002 thus incorporates some flexibility, we strictly enforce its time provisions."). We reject Schneider's contention that Rule 8002 operates to deprive him of due process. *See Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 n. 3 (9th Cir.1994).

**AFFIRMED.**