**In re Todd W. LINDQUIST and Melody E. Lindquist, Debtors.**

No. 03–35895–rld7.

United States Bankruptcy Court, D. Oregon.

Oct. 15, 2008.

Anthony V. Albertazzi, Bend, OR, for Debtors.

Chelsea S. Lewandowski, Portland, OR, for Creditors.

## MEMORANDUM OPINION

RANDALL L. DUNN, Bankruptcy Judge.

The debtors, Todd ("Todd") and Melody ("Melody") Lindquist (collectively, the "Lindquists"), filed an Amended Motion to Avoid Judicial Liens on Debtors' Homestead (the "Motion") to avoid the judicial lien of Fairlane Credit LLC ("Fairlane") on their residence property (the "Property"). Fairlane objected. The Motion came before me for an evidentiary hearing (the "Hearing") on September 12, 2008. Following the Hearing, I took the matter under advisement.

Subsequent to the Hearing, I have reviewed the Motion and Fairlane's Objection to Amended Motion to Avoid Lien, as well as the facts agreed to between the parties and the docket in the Lindquists' chapter 7 case. I also have reviewed and considered the evidentiary exhibits admitted at the Hearing and my notes with respect to the testimony of the Lindquists. I further have reviewed and considered applicable legal authorities. I state the findings of fact and conclusions of law herein pursuant to Fed.R.Civ.P. 52(a), applicable with respect to this contested matter pursuant to Fed. R. Bankr.P. 9014.

### Factual Background

The facts are not in dispute. The Lindquists filed their chapter 7 bankruptcy petition on May 27, 2003. After a "no asset" report was filed by the trustee, the Lindquists received their discharge on September 25, 2003, and the case was closed. The case was reopened on February 11, 2008 to allow the Lindquists to file and prosecute the Motion.

On the date that the Lindquists' bankruptcy petition was filed, the value of the Property was $175,000, and Melody was the sole record title owner of the Property. In addition, on the date of the Lindquists' bankruptcy filing, nonavoidable liens (first trust deed and homeowners association liens) on the Property totaled $141,000, and Fairlane's judgment lien, including interest, fees and costs, totaled $10,735.15.

The Lindquists moved on to the Property in January 1988, after it had been purchased by Melody's parents. Title to the Property apparently was transferred to Todd in 1991. On or about March 5, 2003, Todd transferred title to the Property to Melody to facilitate a refinance. She had no income, but her credit apparently was better than Todd's. Todd testified that he believed he retained an equitable interest in the Property. The Lindquists both testified, without any contradicting evidence, that Todd made all payments for the Property, including the purchase and secured debt payments.

### Jurisdiction

I have jurisdiction to decide this matter under 28 U.S.C. §§ 1334 and 157(b)(2)(K) and (O).

### Discussion

The Lindquists seek to avoid Fairlane's judgment lien pursuant to § 522(f)(1) of the Bankruptcy Code.[1]

Section 522(f)(1) allows for the avoidance of judgment liens that impair exemptions

---

1. Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, as enacted and promulgated prior to October 17, 2005, the effective date of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, April 20, 2005, 119 Stat. 23.

to which debtors in bankruptcy are entitled under § 522(b). Because Oregon has opted out of the federal exemption scheme, as authorized under § 522(b), whether Fairlane's judgment lien is avoidable, in whole or in part, is determined under applicable Oregon exemption law.

The relevant Oregon exemption provision is O.R.S. § 18.428(1), which provided as follows at the time the Lindquists' bankruptcy petition was filed:

A mobile home, and the property upon which the mobile home is situated, that is the actual abode of and occupied by the owner, or the owner's spouse, parent or child, when that mobile home is occupied as a sole residence and no other homestead exemption exists, shall be exempt from execution and from liability in any form for the debts of the owner to the value of $23,000, except as otherwise provided by law. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section may not exceed $30,000. The exemption shall be effective without the necessity of a claim thereof by the judgment debtor.[2]

■ When the $141,000 total of unavoidable liens is subtracted from the $175,000 agreed value of the Property on the petition date, the balance of $34,000 leaves avoidable all but $4,000 of Fairlane's judgment lien in order to protect the Lindquists' homestead exemption if they can claim the full $30,000 joint exemption under O.R.S. § 18.428(1). However, Fairlane argues that only Melody is entitled to claim an exemption under O.R.S. § 18.428(1) in the amount of $23,000, as Todd held no legal title interest in the

Property on the date the Lindquists filed their bankruptcy case. If Fairlane's argument prevails, its judgment lien does not impair Melody's exemption, and its lien cannot be avoided.

■ I start the analysis from the proposition that homestead exemptions in Oregon are liberally interpreted in order to "assure the unfortunate debtor ... the shelter and influence of home." *In re Banfield's Estate,* 137 Or. 167, 298 P. 905, 907 (1931), quoted in *Sticka v. Casserino (In re Casserino),* 379 F.3d 1069, 1072 (9th Cir.2004).

■ The question here is whether application of a homestead exemption extends to equitable interests, as opposed only to legal title interests in residence properties. While I have been unable to find any Oregon or other authority that addresses the particular situation before me, there are Oregon decisions and at least one Ninth Circuit decision interpreting Oregon exemption law stating that the homestead exemption extends beyond pure fee ownership claims. *See Marvin & Co. v. Piazza,* 129 Or. 128, 276 P. 680, 681 (1929):

A homestead right is not an estate in land, but a mere privilege or exemption of such an estate as the holder has in the land. *Mansfield v. Hill,* 56 Or. 400, 107 P. 471 (1910), 56 Or. 400, 108 P. 1007. Our statute, section 221, Or. L., uses the term "owner" in defining the person who shall be entitled to a homestead exemption, but it does not define the word "owner," or require that the homestead claimant shall be the absolute owner in fee of the land. There is abundant authority for holding, and we think that the rule is supported by the great weight of authority, that under a statute

**2.** O.R.S. § 18.428(1) has since been amended, but the stated exemption amounts for a single

owner and joint owners have not been altered.

as broad as ours a tenant in common may acquire a homestead exemption in lands of which he is a cotenant only if the land claimed as a homestead is occupied by him as his actual abode and place of residence, and that his homestead right does not depend upon the character or extent of the estate owned by him, provided he is not a mere intruder. (citations omitted).

*Sticka v. Casserino (In re Casserino)*, 379 F.3d at 1072–73; *Troutman v. Erlandson*, 44 Or.App. 239, 605 P.2d 1200, 1204 (1980) (applying the predecessor statute to O.R.S. 18.428 to recognize a homestead exemption claim with respect to a right to possession of real property granted in a partnership dissolution decree until a purchase option was exercised or lapsed).

*In re Mitchell*, 9 B.R. 577 (Bankr.D.Or. 1981), provides some support for Fairlane's position. In *Mitchell*, Mrs. Mitchell purchased a home in her name. Both she and her husband were employed and contributed to pay the secured debt on the home. Mrs. Mitchell testified that she considered her husband to be a half owner of the home property. However, following the Mitchells' bankruptcy filing, the trustee objected to Mr. Mitchell's homestead exemption claim, relying on the trustee's bona fide purchaser status under § 544(a)(3), and O.R.S. § 93.604(1) to cut off Mr. Mitchell's interest in the property. The bankruptcy court accepted the trustee's argument that Mr. Mitchell's unrecorded interest in the home property would not support an exemption claim against the estate's interest and sustained the trustee's objection. *Id.* at 578–79.

*Mitchell* is distinguishable from this case in that Fairlane is neither an actual purchaser of the Property in good faith and for value protected by O.R.S. § 93.640(1), nor a trustee entitled to hypothetical bona fide purchaser status under § 544(a)(3). There is no specific statutory exception to the application of the homestead exemption in O.R.S. § 18.428(1) in this case, and my ultimate conclusion is that the exemption should be interpreted not only to cover Melody's exemption claim, but Todd's as well. Both of the Lindquists have lived at the property since 1988; so, there is no question that it is the actual abode of both. Although Todd's name was removed from title to the Property shortly before the Lindquists' bankruptcy filing to allow for a refinance, it was Todd who made the payments for the Property. Melody did not have income to make the payments. I find that Todd has an equitable ownership interest in the Property for which he can claim a homestead exemption. Recognizing Todd's homestead exemption claim for lien avoidance purposes is consistent with the objective of O.R.S. § 18.428(1) and is not inconsistent with its terms.

Accordingly, I will grant the Motion, in part, to avoid Fairlane's judgment lien to the extent that it exceeds $4,000, as of the Lindquists' bankruptcy filing date. Fairlane's judgment lien shall remain a lien on the Property to the extent of $4,000, as of May 27, 2003, plus interest accruing at the appropriate Oregon state judgment rate from that date until paid. The court will enter an order consistent with this Memorandum Opinion.